```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**KENDALL CHENIER AND HOBY GIVENS,**             CIVIL ACTION
**BRADLEY CANTRELL, NICK CALICO,**
**ERLINDA QUEZAIRE, WILLIE NUNEZ,**
**AND GLENN SCHAEFFER**

**VERSUS**                                       NO. 09-3373

**THE PARISH OF ST. BERNARD**                    SECTION "I"/2

## ORDER AND REASONS

Before the Court is a motion to dismiss filed by defendant, St. Bernard Parish, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. For the following reasons, the motion is **DENIED**.

## BACKGROUND

Plaintiffs, Kendall Chenier and Hoby Givens, Bradley Cantrell, Nick Calico, Erlinda Quezaire, Willie Nunez, and Glenn Schaeffer ("Plaintiffs"), are all residents of and domiciled in the Parish of St. Bernard ("the Parish").[1] Plaintiffs filed this lawsuit claiming that the Parish unconstitutionally demolished their property without due process of the law.[2] Specifically, plaintiffs claim that the demolition of their property violated the Fifth and Fourteenth Amendments of the United States

---

[1] Rec. Doc. No. 1 at 1.

[2] *Id.* at para. 46.

1

Constitution and Sections 2 and 4(a) of the Constitution of the State of Louisiana.[3] Plaintiffs also allege that the demolition of their properties violates Louisiana Revised Statute 33:4765C and various St. Bernard Parish ordinances.[4] Plaintiffs bring their federal constitutional claims pursuant to 42 U.S.C. § 1983.[5]

The Parish filed this motion pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that this Court lacks diversity jurisdiction because complete diversity does not exist among the parties as required by 28 U.S.C. § 1332.[6] The Parish further contends that this court lacks federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' right to relief does not depend on the resolution of a substantial question of federal law.[7]

## LAW AND ANALYSIS

### I. STANDARD OF LAW

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge

---

[3] *Id.* at para. 47-48.

[4] *Id.* at para. 49.

[5] *Id.* at para. 47.

[6] Rec. Doc. No. 7 at 1-2.

[7] *Id.* at 2.

the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proof. *Id.* The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

## II.  DISCUSSION

The basic statutory grants of subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331, 1332.  Section 1331 provides for federal-question jurisdiction. Section 1332 provides for jurisdiction based on the amount in controversy and diversity of citizenship.[8]

A plaintiff properly invokes federal-question jurisdiction under 28 U.S.C. § 1331 when she pleads a claim "arising under" the Constitution or the laws of the United States.  A case "arises under" federal law if a well-pleaded complaint establishes either that (1) federal law creates the cause of action, or (2) that the plaintiff's right to relief necessarily depends on resolution of a "substantial" question of federal law. *Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 689-

---

[8] Because of the Court's opinion with respect to federal question jurisdiction, it is unnecessary to decide whether diversity jurisdiction exists.

3

90 (2006)(*quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). A federal question is not "substantial" if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998); *see also Hagans v. Levin*, 415 U.S. 528, 536-37 (1974); *Olivares v. Martin*, 555 F.2d 1192 (5th Cir. 1977).

Plaintiffs set forth a federal cause of action pursuant to 42 U.S.C. § 1983 alleging that the Parish violated their right to due process under the Fifth and Fourteenth Amendments to the United States Constitution. Thus, federal law creates plaintiffs' causes of action. Accordingly, this court has original jurisdiction over plaintiffs' federal claims.

Plaintiffs also claim that the demolition of their properties violated the Louisiana constitution, Louisiana Revised Statute 33:4765C, and various Parish ordinances. 28 U.S.C.§ 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related...that they form part of the same case or controversy...." These state and local claims arise from the same occurrences that gave rise to plaintiffs' federal claims.

As a result, this court has supplemental jurisdiction over plaintiffs' state and local claims.

The Parish argues that the presence of plaintiffs' state and local claims means that federal law is "collateral, peripheral or remote" and that the lawsuit should be dismissed because federal law is not at the forefront of the case. The Parish further argues that the presence of the state claims means that plaintiffs' right to relief does not depend on the resolution of a "substantial" question of federal law.

Plaintiffs' federal claims are not merely "collateral, peripheral or remote" federal issues in a state cause of action. Rather, 28 U.S.C.§ 1983 *creates* plaintiffs' federal causes of action. Thus, federal question jurisdiction over the federal claims exists independently from the resolution of plaintiffs' state claims. Accordingly, it is immaterial whether the federal claims are "at the forefront of the case."

The Parish also fails to recognize that "the requirement of substantiality does not refer to the value of the interests that are at stake but to whether there is any legal substance to the position that the plaintiff is presenting." 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3564 (3d ed. 2008). Plaintiffs' federal claims are neither "immaterial and made solely for the purpose of obtaining

jurisdiction" nor "wholly insubstantial and frivolous." *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998).

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **DENIED.**

New Orleans, Louisiana, July 30, 2009.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**